**Gloria Emilia ARANGO MALDONADO; Hilda Rebeca Arango Maldonado, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–72312.**

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 21, 2009.

Charles E. Nichol, Law Office of Charles E. Nichol, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jason S. Patil, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GRABER, GOULD, and BEA, Circuit Judges.

MEMORANDUM **

Gloria Emilia Arango Maldonado and Hilda Rebeca Arango Maldonado, natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence adverse credibility findings, *Pal v. INS*, 204 F.3d 935, 937 n. 2 (9th Cir.2000), and review de novo due process claims, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility finding that rested on material inconsistencies in the Arango Maldonados' testimony and between their testimony and Gloria's application. *See Pal*, 204 F.3d at 938; *see also Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir.2004) (upholding adverse credibility finding where at least one of the IJ's identified grounds was supported by substantial evidence and went to the heart of petitioner's claim of persecution). Accordingly, the Arango Maldonados failed to establish eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

We reject the Arango Maldonados' contention that the agency denied them due process by admitting notes from an asylum

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

officer into the record because they have not shown prejudice. *See Colmenar,* 210 F.3d at 971.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.